UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH ANDRADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:24-CV-150-PPS-AZ |
| | ) |
| SPEEDWAY LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter arises from a slip and fall at a Speedway gas station in Valparaiso, Indiana. Plaintiff Joseph Andrade sued three defendants in state court—the specific store where the incident occurred, its manager, and Speedway LLC. Everyone now agrees that the individual store was incorrectly named as a defendant and needs to be dismissed. The issue to be decided in this opinion is whether the claim against the store manager is viable. She has moved to dismiss for failure to state a claim. [DE 11.] Because an Indiana Supreme Court case specifically precludes these types of claims against store managers in this context, Defendants' Motion to Dismiss is GRANTED as to the store manager (Doretta Austin) and as to Speedway Gas Station, Store 6621.

### Background

Plaintiff Joseph Andrade originally filed his complaint in the Porter Superior Court on August 25, 2023. [DE 5.] Andrade alleges that he tripped and fell because of an "uneven walking surface" at a gas station in Valparaiso on August 20, 2023. [*Id*. at ¶3.] In his original complaint, Andrade sued Speedway Gas Station, Store 6621 under a

1

negligence theory. Andrade amended his complaint about a week later to add the store manager, Doretta Austin, as a defendant. [DE 6.] Then, a couple months later, Andrade filed a Second Amended Complaint that added Speedway LLC as a defendant. [DE 7.] For each of the three Defendants—the store, its manager Ms. Austin, and Speedway LLC—Andrade asserted identical negligence claims arising from the incident on August 20, 2023.

Defendants filed an Answer to Plaintiff's Second Amended Complaint, the operative complaint, on October 25, 2023. [DE 8.] In their Answer, Defendants Speedway Gas Station, Store 6621 and Doretta Austin moved under Indiana Trial Rule 12(b)(6) to dismiss Plaintiff's claims against them for failure to state a cause of action. Speedway Gas Station, Store 6621 moved to dismiss on the grounds that it "is not, and has never been, a legal entity." [*Id*. at 1.] For her part, the manager, Ms. Austin, moved to dismiss on the basis that Defendant Speedway LLC had acknowledged ownership, operation, and control of the gas station premises on the date of the incident, so no viable claim existed as to Austin. [*Id*. at 1–2.] Speedway LLC answered but did not move to dismiss Plaintiff's claim against it. Plaintiff filed a Response to Defendants' Motion to Dismiss on December 7, 2023. [DE 9.]

After receipt of discovery responses and documentation of Plaintiff's medical bills on March 30, 2024, Defendants filed a timely notice of removal in this Court on April 29, 2024, asserting diversity jurisdiction. [DE 1.] Defendants alleged that Austin, as a citizen of Indiana (like Andrade), had been fraudulently joined to defeat diversity. [*Id*. at ¶6.] The case was originally assigned to Judge DeGuilio and Magistrate Judge

Martin, who on May 10, 2024, ordered Defendants to file a reply in support of their Motion to Dismiss. [DE 12.] Defendants filed their Reply on May 17. [DE 14.] This case was then reassigned to Magistrate Judge Zanzi on June 12, 2024, [DE 16] and to me on August 30, 2024. [DE 17.]

## Discussion

Because this case is now in federal court, I will analyze Defendants' Motion to Dismiss under the analogous Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I do not need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

I will begin with Defendant Doretta Austin. Andrade asserts three arguments in opposition to Austin's Motion to Dismiss the claim against her. First, Andrade argues that Austin's and Speedway LLC's respective liabilities to him are not mutually exclusive. [DE 9 at 2.] Second, he argues that Austin's

3

wrongful actions and inactions were within the scope of her employment, so under the vicarious or *respondeat superior* liability theory he may sue either or both Austin and Speedway LLC. [*Id*. at 2–3.] Finally, Andrade claims that Indiana's Comparative Fault Act permits him to recover from both Austin and Speedway LLC. [*Id*. at 3.] In addressing these issues, as a court sitting in diversity jurisdiction, my duty is to "ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now." *Craig v. FedEx Ground Package Sys., Inc.*, 686 F.3d 423, 426 (7th Cir. 2012) (citation omitted).

Austin's response to each of Andrade's arguments is the same: his negligence claims against both Speedway LLC and Austin are "identical." [DE 14 at 1–3.] According to Austin, in such a situation, *Branscomb v. Wal-Mart Stores E., L.P.*, 165 N.E.3d 982 (Ind. 2021) precludes Andrade's claims against her. Austin is correct. In *Branscomb*, the Indiana Supreme Court answered a certified question from this District concerning whether a store manager who had no personal, direct role in creating the injury-causing condition could be held liable for negligence under Indiana law. *See Branscomb v. Wal-Mart Stores East, L.P.*, No. 1:20-CV-213, 2020 WL 4501768, at *8 (N.D. Ind. Aug. 5, 2020); *Branscomb v. Wal-Mart Stores E., L.P.*, No. 1:20-CV-213, 2020 WL 6797149, at *2 (N.D. Ind. Nov. 19, 2020) (providing clarification on the scope of the certified question). In *Branscomb*, just as in this case, the plaintiff sued a store manager and the corporate owner of the store under essentially the same negligence theories. 165

4

N.E.3d at 984. However, the plaintiff did not plead any allegations that the store manager had any personal involvement in the plaintiff's injury.

The Indiana Supreme Court considered and rejected three bases of liability for the store manager: (1) failure to hire, train, and supervise; (2) failure to have or implement proper safety policies and procedures; and, as relevant here, (3) failure to inspect and maintain the property. The Indiana Supreme Court concluded that a store manager cannot be held liable for negligence when they are not directly involved in the accident at issue. *Id*. at 984–85. The court held that "when there are no allegations that a store manager controlled the premises where the harm occurred, he or she cannot be held liable under Indiana law." *Id*. at 988. Specific to the plaintiff's failure to inspect and maintain the property claim against the store manager, the court noted that "[t]he record before us does not reflect that [the store manager] took over control of the Wal-Mart premises nor does it reflect that anyone, including the Branscombs, relied specifically on him to ensure the store was safe." *Id*. at 987.

The Indiana Supreme Court's ruling in *Branscomb* forecloses Andrade's claims against Austin. He alleges that Austin (1) failed to maintain proper supervision of the premises; (2) permitted a pedestrian tripping hazard to remain on the premises; and (3) failed to correct a known tripping hazard. [DE 7 at ¶5.] As in *Branscomb*, Andrade's complaint contains no allegations that Austin was directly involved in his trip and fall. Instead, Andrade alleges a failure to inspect or maintain the property claim without any allegations that Austin "took over

5

control of the [Speedway LLC] premises" or that Andrade "relied specifically on [Austin] to ensure the store was safe." *See Branscomb*, 165 N.E.3d at 987; *see also Brodrick v. Wal-Mart Stores, Inc.*, NO. 1:21-cv-466, 2022 WL 377226 (N.D. Ind. Feb. 8, 2022) (relying on *Branscomb* to dismiss Indiana negligence claims against a store manager). Plaintiff's arguments concerning joint and several liability, *respondeat superior*, and the Indiana Comparative Fault Act all fall short in light of the Indiana Supreme Court's ruling in *Branscomb*.

Finally, as noted at the outset, Andrade has no objection to the dismissal of Defendant Speedway Gas Station, Store 6621, who appears to have been named as a defendant in error. [DE 9 at 2.] Accordingly, I will also grant the motion to dismiss with respect to this Defendant.

## Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss [DE 11] is GRANTED. All claims against Defendants Doretta Austin and Speedway Gas Station, Store 6621 are DISMISSED. Plaintiff's claims against the sole remaining Defendant Speedway LLC remain pending.

**SO ORDERED**.

ENTERED: November 7, 2024.

/s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**