UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH ANDRADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-150-AZ |
| ) | |
| SPEEDWAY LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion in Limine Regarding Alleged Lack of Prior Similar Falls on Defendant's Premises [DE 32], filed on August 4, 2025. Defendant filed its response to the motion [DE 40] on August 12. On August 21, the Court held a final pretrial conference during which it made oral rulings on the pending motions in limine. Because of concerns and apparent confusion raised by Plaintiff's counsel regarding the scope of the Court's ruling, this written opinion and order follows to explain the Court's reasoning and its expectations regarding this issue at trial.

This is a slip-and-fall case in which Plaintiff alleges he tripped and fell in the cement portion of the parking area of a gas station after exiting the store. Plaintiff is suing Defendant for negligence and alleges that Defendant breached its duty as a landowner that it owed to Plaintiff as its business invitee. Under Indiana law, a landowner is "subject to liability for physical harm caused to [its] invitees by a condition on the land, if but only if" the landowner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that [the invitees] will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Burrell v. Meads*, 569 N.E.2d 637, 639-640 (Ind. 1991) (quoting Restatement (Second) of Torts § 343 (1965); *Maurer v. Speedway, LLC*, 774 F.3d 1132, 1137 (7th Cir. 2014) (same); *see also* DE 38, at 22 (wherein the parties joint Final Instruction 21 proposes a jury instruction for premises liability that tracks these elements).

Here, the parties apparently agree as to the condition of the parking lot at the time of the accident. But they do not agree on liability. Therefore, on the issue of liability, the central issues in the case will be whether Speedway knew or should have known that the condition was unreasonably dangerous and that its customers would not discover the danger because liability exists "only if it was reasonably foreseeable that [Plaintiff] would fail to protect himself against injury." *Davis v. Hoosier Energy Rural Elec. Corp., Inc.*, 19 F.3d 365, 369 (7th Cir. 1994).

In his motion, Plaintiff asks the Court to prohibit Defendant from introducing evidence or making argument "regarding an absence of similar falls on the Defendant's business premises." DE 32 at 1. Plaintiff argues that "evidence or argument that no one else has fallen where the Plaintiff fell is inadmissible or incompetent" to show that the condition was unreasonably dangerous or that Plaintiff was wholly or partially at fault for the injuries he suffered. *Id.* at 2.

2

Plaintiff says this evidence is irrelevant under Fed. R. Evid. 401. In support of his argument, Plaintiff cites to three nineteenth century Indiana state law cases which prohibited the introduction of testimony regarding a lack of accidents on the same premises that the plaintiffs in those cases claimed caused their injury. DE 32 at 3-6 (discussing *Louisville & N.R. Co. v. Kemper*, 153 Ind. 618 (1899); *Baur v. City of Indianapolis*, 99 Ind. 56 (1884); and *Nave v. Flack*, 90 Ind. 205 (1883). Plaintiff argues these cases mandate the exclusion of any evidence or reference to a lack of any other accidents in this case.

The Court is not persuaded. For one, these cases predate the adoption of the Federal Rules of Evidence and the Restatement (Second) of Torts by several decades. That is not to say the holdings in these cases are wholly inapplicable or should be disregarded; but they should be evaluated in that context and not in a vacuum. Second, other decisions from the Indiana Supreme Court from after but near in time to the cases cited by Plaintiff reach the opposite conclusion. Twenty-one years after the latest case cited by Plaintiff, the Indiana Supreme Court held:

> Appellant also had a right to introduce evidence showing the length of time it had been using this floor dressing on its store floors, the extent of the use of such floors by the public under conditions substantially similar to those existing at the time appellee sustained her injuries, and the fact, if true, that no prior accidents had occurred from such use. If hundreds or thousands of people had used this floor under similar conditions, in safety and without accident through a term of years, such fact should have some weight as tending to prove that the floor was not unusually dangerous, and that appellant was not lacking in diligence in failing to anticipate and provide against some such accident, and that appellee's injury was in some measure chargeable to her own failure to exercise that care which others of ordinary prudence used in the same circumstances.

*William Laurie Co. v. McCullough*, 90 N.E. 1014, 1018 (Ind. 1910). This undermines any notion that there is a blanket prohibition against the admissibility of evidence of lack of prior accidents and instead supports the notion that it depends on the facts and circumstances of the case. Third, much more recent Indiana authority confirms the relevance of "prior accidents" evidence in premises liability actions. "In cases involving the existence of an alleged dangerous condition[,] evidence of the occurrence of prior accidents of a similar character under the same circumstances is admissible to show both the existence of the dangerous condition and notice thereof." *Kelly v. GEPA Hotel Owner Indianapolis LLC*, 993 N.E.2d 216, 220–21 (Ind. Ct. App. 2013) (citation omitted and alteration in original). "Such evidence is not admissible unless the plaintiff shows similarity between the essential conditions surrounding the prior accidents and the one at issue. A proper foundation includes the general requirements of similarity of conditions, reasonable proximity in time, and avoidance of confusion of the issues." *Id.* (citation omitted). *Accord Weaver v. Speedway, LLC*, 2021 WL 1578821, at *4 (N.D. Ind. Apr. 22, 2021), *aff'd*, 28 F.4th 816 (7th Cir. 2022) ("The existence, or lack thereof, of other accidents has been considered by Indiana courts in determining negligence suits similar to this case."). And if the existence of similar accidents is relevant to the foreseeability of an alleged unreasonably dangerous condition, then the inverse would be equally true. It would then be up to the jury to decide the weight to give such evidence, as is the jury's duty with all evidence.

In another premise liability case involving a personal injury on the premises of an Indiana gas station (coincidentally against the same Defendant as here), the

4

Seventh Circuit affirmed the jury's verdict for the Defendant on obviousness and foreseeability grounds in large part because "the retail display had been stationed in the same location for approximately a year and a half to two years and Speedway had never received a complaint about the display or reports of injuries from customers falling off the curb near the display." *Maurer*, 774 F.3d at 1137 (applying Indiana law). And while the evidence regarding the lack of complaints or injuries was not specifically challenged and thus its admissibility not passed upon by the Seventh Circuit, this result and the court's reasoning weighs heavily against the categorical ban on such evidence advocated for by Plaintiff.

As mentioned, Plaintiff moved to exclude this evidence solely on the basis of Fed. R. Evid. 401, *i.e.* Plaintiff argues it has no relevance to the issues in this case whatsoever. After the Court made its oral ruling denying Plaintiff's motion, Plaintiff's counsel raised prejudice concerns—even calling the evidence "ridiculously prejudicial"—which is not within the realm of Fed. R. Evid. 401 but instead Fed. R. Evid. 403. But whether evidence is prejudicial to one's case is not a basis to exclude evidence, it must be *unfairly* prejudicial. Fed. R. Evid. 403. "After all, all evidence is prejudicial." *Common v. City of Chicago*, 661 F.3d 940, 947 (7th Cir. 2011). But it is only "unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Id.* (quoting *United States v. Albiola*, 6254 F.3d 431, 440 (7th Cir. 2010). Such concerns can be adequately managed at trial by the Court.

5

As counsel for Defendant stated during the hearing, he intends to elicit testimony on this subject by asking the gas station manager about her personal knowledge regarding the existence of falls or complaints made to her about the condition of the parking lot. That will be relevant and admissible testimony on the issue of foreseeability, assuming an adequate foundation has been laid that the parking lot in question was in a similar condition for some time and other invitees traversed the same area without known incident or complaint. But at the same time, that same witness would have no foundational basis to testify that the parking lot was categorically safe or definitively that no one has ever fallen. As Plaintiff's counsel correctly pointed out during the hearing, the gas station manager is not an expert and cannot offer an opinion on the ultimate issues of liability. Defendant's counsel affirmed that they understood the limitations on the use of this evidence. The Court expects counsel to adhere to their word.

In a similar vein, as Plaintiff states in his brief, "it could be true that others had fallen, or nearly fallen, and not reported it." DE 32 at 6. "It could even be true that, despite this dangerous condition, the Plaintiff was the first person to fall down the exit way." *Id.* At this point, it is unclear to the Court how long the alleged unreasonably dangerous condition of the parking lot existed. A week prior to Plaintiff's accident? A month? Two years? And how many individuals traversed the area in question? These are points that Plaintiff might seek to introduce as evidence (presumably through cross-examination of the same gas station manager) and argue. Indeed, they underscore why the weight of the evidence—but not its admissibility—

is debatable. Therefore, the Court finds that testimony by the gas station manager regarding her personal knowledge of complaints or known accidents involving the same patch of parking lot is relevant and not categorically unfairly prejudicial as a matter of law. If Defendant seeks to elicit improper testimony or have a witness speculate or to testify to matters beyond their personal knowledge or without foundation, Plaintiff's counsel should object at trial and the Court will address the issue in real time.

Accordingly, for the reasons discussed, Plaintiff's Motion in Limine Regarding Alleged Lack of Prior Similar Falls on Defendant's Premises [DE 32] is **DENIED** subject to the limitations stated herein.

SO ORDERED this 22nd day of August 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT